John C. Taylor, State Bar No. 78389
Neil K. Gehlawat, State Bar No. 289388
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone: (310) 209-4100
Facsimile: (310) 208-5052

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO AMEZCUA, JR., CESAR AMEZCUA, EVELYN FIGUEROA, and CRYSTAL AMEZCUA, individually and as co-successors-in-interest to Guillermo Amezcua; J.A. and E.A., minors, by and through their guardian *ad litem*, Laura Najar, individually and as co-successors-in-interest to Guillermo Amezcua;<br><br>　　　　　　　　　Plaintiffs,<br>vs.<br><br>CITY OF SAN FERNANDO, a public entity; and DOES 1-20, inclusive,<br><br>　　　　　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>　1.　Fourth Amendment (42 U.S.C. § 1983)<br>　2.　Fourteenth Amendment (42 U.S.C. § 1983)<br>　3.　Battery (Wrongful Death and Survival Action)<br>　4.　Violation of Bane Act (Cal. Civil Code § 52.1)<br>　5.　Negligence (Wrongful Death and Survival Action)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

1.　Plaintiffs Guillermo Amezcua, Jr., Cesar Amezcua, Evelyn Figueroa, Crystal Amezcua, J.A., and E.A. (all together, "Plaintiffs"), for their Complaint against Defendants City of San Fernando and Does 1-20, inclusive, allege as follows:

///

///

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. The Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because (1) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (2) Defendants reside within this judicial district.

## PARTIES

4. Plaintiffs are the children of Guillermo Amezcua ("Decedent") and are residents of the County of Los Angeles, State of California. They bring these claims individually and as co-successors-in-interest to Decedent. Their co-successor-in-interest declarations pursuant to CCP section 377.32 are attached hereto as "Exhibit A." A petition to appoint Laura Najar as the guardian *ad litem* for minors J.A. and E.A. is being filed concurrently with this complaint.

5. At all relevant times, Defendant City of San Fernando ("City") is and was a municipal corporation existing under the laws of the State of California with the capacity to be sued. The City is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Fernando Police Department and its agents and employees. The City was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and the State of California. At all relevant times, the City was the employer of Defendants Does 1-20 and is vicariously liable for their acts and omissions pursuant to California Government Code § 815.2.

///

6. Does 1-20 are sworn police officers employed by the City, who were involved in the killing of Decedent. The names of Does 1-20 are unknown to Plaintiffs at this time, who therefore sue such officers by fictitious names. Plaintiffs will amend their Complaint to show the true names and capacities of Does 1-20 when they have been ascertained. At all relevant times, Does 1-20 were acting under color of law and within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, the City.

7. At all relevant times, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

8. On May 3, 2021, Plaintiffs filed a claim for damages with the City pursuant to applicable sections of the California Government Code. The City rejected Plaintiffs' claims on June 30, 2021.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

10. On April 10, 2021, Decedent was seated in his vehicle, which was parked in front of his home in the 400 block of Harps Street in San Fernando, California.

11. Officers from the San Fernando Police Department arrived on scene and exited their patrol vehicles while pointing their guns at Decedent's car.

12. The officers started yelling commands, including "let me see your hands."

13. Within seconds of yelling commands, multiple officers started indiscriminately shooting into Decedent's vehicle.

14. Decedent was struck by the officers' bullets while inside his vehicle. He lived for a period of time before succumbing to his injuries.

15. Decedent never posed an imminent threat of death or serious bodily injury to any of the officers prior to the officers firing multiple times into his vehicle and killing him.

# FIRST CLAIM FOR RELIEF

## Fourth Amendment (42 U.S.C. § 1983)

(Against Defendants Does 1-20)

16. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

17. Defendants Does 1-20 detained Decedent without reasonable suspicion that he had committed a crime. Defendants Does 1-20 also used excessive and unreasonable force against Decedent when they shot multiple times into his vehicle and killed him. This conduct deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

18. As a result of the foregoing, Decedent lost his life. Up until the time of his death, he experienced physical pain and emotional distress.

19. The conduct of Defendants Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of punitive damages.

20. Defendants Does 1-20 are liable for Decedent's injuries and death, either because they engaged in the above conduct, because they were integral participants in the above conduct, or because they failed to intervene to prevent the above conduct.

21. Plaintiffs bring this claim in their representative capacities and seek damages for Decedent's pain and suffering. Plaintiffs also seek attorney fees.

# SECOND CLAIM FOR RELIEF

## Fourteenth Amendment (42 U.S.C. § 1983)

(Against Defendants Does 1-20)

22. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

23. Plaintiffs each had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that

would deprive them of life, liberty, or property in such a manner as to shock the conscience, including state actions that interfere with Plaintiffs' familial relationship with their loved one and family member, Decedent.

24. The aforementioned actions of Defendants Does 1-20, along with undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs or with purpose to harm unrelated to any legitimate law enforcement objective.

25. As a result of Defendants Does 1-20's conduct, Decedent lost his life and Plaintiffs were harmed.

26. The conduct of Defendants Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of punitive damages.

27. Plaintiffs bring this claim in their individual capacities and seek damages for the loss of familial relationship.  Plaintiffs also seek attorney fees.

### THIRD CLAIM FOR RELIEF

### Battery (Wrongful Death and Survival Action)

(Against All Defendants)

28. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

29. Defendants Does 1-20, while working as police officers, and acting within the course and scope of their duties, used unreasonable and excessive force against Decedent.  As a result of the actions of Defendants Does 1-20, Decedent was harmed and ultimately died.

30. The City is vicariously liable for the wrongful acts of Defendants Does 1-20 pursuant to section 815.2(a) of the California Government Code.  Defendants Does 1-20 are liable for their own wrongful acts pursuant to section 820(a) of the California Government Code.

///

31. The conduct of Defendants Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, entitling Plaintiffs to an award of punitive damages.

32. Plaintiffs bring this claim in their individual and representative capacities and seek wrongful death and survival damages.

## FOURTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Against All Defendants)

33. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

34. Defendants Does 1-20, while acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Decedent, including using unreasonable and excessive force or by integrally participating and failing to intervene in the above acts.

35. When Defendants Does 1-20 shot indiscriminately into Decedent's vehicle, they acted with reckless disregard for his civil rights, including without limitation his right to be free from unreasonable seizures, to due process, and to life, liberty, and property.

36. Defendants Does 1-20 successfully interfered with the above civil rights of Decedent.

37. The conduct of Defendants Does 1-20 caused Decedent's death.

38. The City is vicariously liable for the wrongful acts of Defendants Does 1-20 pursuant to section 815.2(a) of the California Government Code.

39. The conduct of Defendants Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, entitling Plaintiffs to an award of punitive damages.

40. Plaintiffs bring this claim in their representative capacities and seek survival damages, statutory damages, and attorney fees.

///

## FIFTH CLAIM FOR RELIEF

### Negligence (Wrongful Death and Survival Action)

(Against All Defendants)

41. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

42. The actions and inactions of Defendants Does 1-20 described above – together with undiscovered conduct – were negligent and reckless.

43. The following conduct of Defendants Does 1-20, without limitation, fell below the standard of care:

    a. The decision to detain Decedent without reasonable suspicion that he had committed a crime;

    b. The failure to use proper de-escalation tactics;

    c. The failure to give Decedent an opportunity to comply with their commands; and

    d. The decision to shoot indiscriminately into Decedent's vehicle when Decedent never posed an imminent threat of death of serious bodily injury to the officers.

44. As a direct and proximate result of the conduct of Defendants Does 1-20 as alleged above, together with other undiscovered conduct, Decedent was harmed and ultimately died.

45. Defendant City is vicariously liable for the wrongful acts of Defendants Does 1-20 pursuant to section 815.2(a) of the California Government Code. Defendants Does 1-20 are liable for their own wrongful acts pursuant to section 820(a) of the California Government Code.

46. Plaintiffs bring this claim in their individual and representative capacities and seek wrongful death and survival damages.

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

A. For wrongful death damages, in an amount to be proven at trial;

B. For survival damages, in an amount to be proven at trial;

C. For punitive damages against the individual defendants, in an amount to be proven at trial;

D. For statutory damages pursuant to Cal. Civil Code § 52.1, in an amount to be proven at trial;

E. For interest;

F. For reasonable costs of this suit and attorneys' fees; and

G. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: July 19, 2021               TAYLOR & RING

                                   By: /s/ Neil K. Gehlawat
                                       John C. Taylor
                                       Neil K. Gehlawat
                                       Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: July 19, 2021                 TAYLOR & RING

By:  /s/ Neil K. Gehlawat
     John C. Taylor
     Neil K. Gehlawat
     Attorneys for Plaintiffs